IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

2022 JUL -6 AM 9:09

CIVIL DIVISION

| | |
|---|---|
| CATHERINE CARMINO<br>91 Higgins Avenue<br>Clementon, NJ 08021<br><br>  Plaintiff,<br><br>v.<br><br>RONNIE KIPRONO<br>513 Glen Eagles Drive<br>Winston Salem, NC 27104<br><br>and<br><br>REAL DEAL TRANSPORT, LLC<br>1601 E. Debbie Lane<br>Mansfield, TX 76063<br><br>SERVE ON: Mostafa Ibrahim<br>307 W. 7th Street, Suite 1717<br>Forth Worth, TX 76102<br><br>  Defendants. | Case No. |

## COMPLAINT

The Plaintiff, Catherine Carmino, by and through her counsel, Samantha Dos Santos, Morgan & Morgan, DC, PLLC, hereby files this Complaint against Defendants, Ronnie Kiprono and Real Deal Transport, LLC, and in support states as follows:

1. That the Plaintiff, Catherine Carmino (hereinafter "Plaintiff") is an adult individual who resides at 91 Higgins Avenue, Clementon, NJ 08021.

2. That the Defendant, Ronnie Kiprono (hereinafter "Defendant Kiprono") is an adult individual who resides at 513 Glen Eagles Drive, Winston Salem, NC 27104.

3. That the Defendant, Real Deal Transport, LLC (hereinafter "Defendant RDT") is a Texas business entity with a registered address at 1601 E. Debbie Lane, Mansfield, TX 76063.

4. That at all relevant times, Defendant Kiprono was the agent, servant, workman and/or employee of Defendant RDT, and was operating a tractor trailer in the course and scope of his employment.

5. That this Court has jurisdiction pursuant to Maryland Code, Courts and Judicial Proceedings §6-202(11), stating a suit against a non-resident can be brought in "[a]ny county in the state."

## FACTUAL BACKGROUND

6. That on September 27, 2020, at approximately 2:29 p.m., the Plaintiff was a passenger in a vehicle traveling northbound in the right-hand lane on I-95 at or near mile marker 91.4 in Cecil County, Maryland.

7. That on the above referenced date, Defendant Kiprono was also traveling northbound on I-95 in the middle lane.

8. That without warning, Defendant Kiprono made an illegal lane change into the right lane of traffic, thereby striking the Plaintiff's vehicle.

9. That after striking the Plaintiff's vehicle, Defendant Kiprono did not remain on the scene.

10. That as a result of the impact, the Plaintiff suffered serious injuries to her neck and back.

11. That at all times relevant hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to her injuries or damages.

## Count I: Negligence

### CATHERINE CARMINO V. RONNIE KIPRONO

That Plaintiff, Catherine Carmino, hereby adopts and incorporates the allegations in the above referenced paragraphs as though fully set forth.

12. That that negligence, carelessness, and/or recklessness of Defendant Kiprono, individually and as the agent, servant, and/or employee of Defendant RDT, consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff's vehicle;
   b. Failing to keep a proper lookout for other vehicles and traffic;
   c. Failing to pay proper attention while operating his tractor trailer on I-95;
   d. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside, or the speed thereof slackened upon the appearance of danger;
   e. Failing to remain alert;
   f. Failing to make necessary and reasonable observations while operating his tractor trailer;
   g. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle being occupied by the Plaintiff;
   h. Failing to timely and properly apply his brakes;
   i. Changing lanes without clearing traffic;
   j. Making an illegal lane change when it was unsafe to do so; and

      k. Failing to operate his vehicle in accordance with the Maryland Rules of the Road.

13. That as a direct and proximate result of the Defendant Kiprono's negligence and violations of the aforementioned duties, Plaintiff, Catherine Carmino, was caused to and has continued to suffer serious, painful, and permanent injuries to her body, including, but not limited to, a cervical injury including a C5-C6 herniation; a thoracic injury including a T12 compression fracture; a lumbar injury; and radiculopathy.

14. That as a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

15. That all of the aforementioned treatment for the Plaintiff's injuries have been deemed reasonable and necessary.

16. That as a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life and may continue to suffer the same for an indefinite period of time into the future.

17. That as a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

18. That as a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

19. That as a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

20. That as a result of the aforesaid injuries, the Plaintiff sustained an impairment of her earning capacity and potential.

**WHEREFORE**, the Plaintiff, Catherine Carmino, demands judgment against the Defendant, Ronnie Kiprono, in an amount in excess of seventy-five thousand dollars ($75,000.00) plus interest and costs.

### Count II: Negligence (Vicarious Liability)

### CATHERINE CARMINO V. REAL DEAL TRANSPORT, LLC

That Plaintiff, Catherine Carmino, hereby adopts and incorporates the allegations in the above referenced paragraphs as though fully set forth.

21. That the negligence of Defendant RDT, as being vicariously liable for the actions of Defendant Kiprono, consisted of, but is not limited to the following:

   a. Failing to maintain proper and adequate control of his tractor trailer so as to avoid crashing into the Plaintiff's vehicle;

   b. Failing to keep a proper lookout for other vehicles and traffic;

   c. Failing to pay proper attention while operating his tractor trailer on I-95;

   d. Failing to have his tractor trailer unit under such control that it could be readily stopped, turned aside, or the speed thereof slackened upon the appearance of danger;

   e. Failing to remain alert;

   f. Failing to make necessary and reasonable observations while operating his tractor trailer;

g. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle being occupied by the Plaintiff;

h. Failing to timely and properly apply his brakes;

i. Changing lanes without clearing traffic;

j. Making an illegal lane change when it was unsafe to do so; and

k. Failing to operate his vehicle in accordance with the Maryland Rules of the Road.

22. That as a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Catherine Carmino, demands judgment against the Defendant, Real Deal Transportation, LLC, as being vicariously liable for Defendant, Ronnie Kiprono, in an amount in excess of seventy-five thousand dollars ($75,000.00) plus interest and costs.

Respectfully submitted,

Samantha Dos Santos, Esq.
CPF #1812110101
Morgan & Morgan, DC, PLLC
1901 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006
Telephone: (202) 772-0581
Fax: (202) 772-0631
sdossantos@forthepeople.com
*Attorney for Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff, Catherine Carmino, pursuant to Maryland Rule 2-325, prays for a trial by jury on all issues.

Respectfully submitted,

Samantha Dos Santos, #1812110101

## CERTIFICATE OF REDACTION

I hereby certify that the foregoing pleading does not contain any restricted or confidential information pursuant to section 20-201(f) of the Maryland Rules Article of the Annotated Code of Maryland.

Samantha Dos Santos, #1812110101

## RULE 1-313 CERTIFICATION

**I HEREBY CERTIFY** pursuant to Section 1-313 of the Maryland Rules, Annotated Code of Maryland, that I am admitted to practice law in the State of Maryland.

_____
Samantha Dos Santos, #1812110101